[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 12, 2005
THOMAS K. KAHN
CLERK

No. 04-15703
Non-Argument Calendar

_____

D. C. Docket No. 01-00423-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL BERNARD BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 12, 2005)

Before CARNES, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Karl Bernard Bell, proceeding pro se, appeals the denial of his motion for a

new trial based on newly discovered evidence.  After review, we affirm.

## I.  INTRODUCTION

In May, 2001, an indictment charged Bell with one count of distributing five grams or more of crack cocaine and one count of distributing fifty grams or more of crack cocaine, both in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

At Bell's trial in August, 2001, Dwain Mallory, a cooperating witness, testified that he had purchased crack cocaine from Bell during two controlled buys in Miami-Dade County, on March 8, 2000, and April 27, 2000, respectively.  In each instance, Mallory was outfitted with a transmitter and a recording device.  The jury found Bell guilty on both drug counts on August 17, 2001.  On direct appeal, Bell raised numerous issues, but this Court found no reversible error and affirmed Bell's convictions.  United States v. Bell, No. 02-10111 (11th Cir. Dec. 6, 2002).

On August 16, 2004, with the assistance of counsel, Bell filed a motion for a new trial on the basis of newly discovered evidence.  In this motion, Bell alleged that subsequent to his 2001 convictions, Mallory had testified at another trial in 2002, wherein Mallory admitted that he personally had sold drugs for three or four years in Gainesville, Florida and that he was involved with narcotics trafficking with his cousins, Lorian and Dorian Mallory in Gainesville, Florida.  Bell contended that the new evidence that Mallory had bought crack from others for

2

years in Gainesville, Florida would have permitted Bell to argue during his trial that Mallory could have purchased crack during the controlled buys in 2000, in Miami-Dade County, Florida from other individuals in the neighborhood.[1]

The district court denied Bell's motion for a new trial on two grounds. First, the district court concluded that the newly discovered evidence that Mallory had been involved in prior drug purchases was merely impeachment evidence that could cast doubt on Mallory's testimony but would not show that the drugs that Mallory purchased during the recorded controlled buys actually came from a source other than Bell. The district court also concluded that the newly discovered evidence of Mallory's involvement in a crack distribution conspiracy with his cousins was simply impeachment evidence that went to Mallory's motive for testifying at Bell's trial. The district court also noted that Mallory's veracity, motive for testifying, and involvement with his cousins were extensively addressed at Bell's trial during cross-examination.

Second, even if the evidence was admissible for something more than impeachment purposes, the district court concluded that in light of the

---

[1]Bell relies on additional facts at trial, which he contends show that Mallory had the opportunity to buy the crack from somebody else during the controlled buys. Specifically, Bell notes that during the first transaction, the DEA agents lost radio contact with Mallory for a few minutes, although the entire transaction was recorded. During the second transaction, Mallory needed to leave Bell's residence while Bell "cooked" the crack, and during this time, before returning to Bell's residence, Mallory drove to another location and spoke to a person he called his "brother" who was on the street.

overwhelming evidence supporting Bell's convictions, it was unlikely that the newly discovered evidence would produce a different result in a new trial.[2]  Bell appeals.[3]

## II.  DISCUSSION

Federal Rule of Criminal Procedure 33 provides that a defendant may file a motion for a new trial on the basis of newly discovered evidence within three years after the verdict or finding of guilty, and "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a), (b)(1).  To obtain a new trial on the basis of newly discovered evidence, a defendant must show that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotation marks

---

[2]In addition to Mallory's testimony, the government presented taped conversations between Mallory and Bell during the drug transactions.  The government also presented testimony by the DEA agent who set-up the undercover purchases, surveilled Bell's home, and searched Mallory's car before and after the purchases to make sure no crack was hidden in Mallory's car.  The agent also testified that the security at Bell's home was consistent with that of a stash house.

[3]This Court reviews a district court's denial of a motion for a new trial for abuse of discretion.  United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003).

and citation omitted). Failure to meet any one of these elements defeats a motion for a new trial. United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995).

We agree with the district court that Bell's new evidence that Mallory had previously purchased drugs for years and that he had engaged in a crack distribution conspiracy was impeachment evidence that was cumulative. Moreover, even if the evidence inferentially showed an opportunity to obtain drugs from many persons other than Bell, we also agree with the district court that Bell failed to show that the newly discovered evidence would probably have produced a different result. Indeed, there was overwhelming evidence at trial supporting Bell's convictions, such as Mallory's testimony that he purchased crack from Bell, the recorded conversation corroborating this testimony, and the agent's testimony that agents surveilled Bell's premises and set up the controlled buys. Further, the newly discovered evidence that Mallory had previously purchased and sold drugs in Gainesville, Florida does not contradict the evidence that Bell sold drugs to Mallory on the two specific occasions on March 8, 2000, and April 27, 2000, in Miami-Dade County, Florida. Thus, the district court did not abuse its discretion in denying Bell's motion for a new trial.[4]

---

[4]In his brief on appeal, Bell also contends that the district court erred by denying his motion for a new trial without first conducting an evidentiary hearing. The district court did not abuse its discretion in electing not to conduct an evidentiary hearing. See United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997) ("[T]he acumen gained by a trial judge over the

## III. CONCLUSION

For all of the above reasons, this Court affirms the district court's denial of Bell's motion for a new trial.

**AFFIRMED**.

---

course of the proceedings [makes him] well qualified to rule on the basis of affidavits without a hearing.") (quotation marks and citation omitted).