[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15072
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00423-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL BERNARD BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2009)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Karl Bernard Bell, a federal inmate proceeding pro se, was convicted of two

counts of distributing crack cocaine in 2001. Bell appeals the district court's denial of his renewed and supplemented motion for a new trial and his post-trial motion for discovery. After review, we affirm.

This is Bell's third motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. At Bell's trial, Dwight Mallary testified as a confidential informant for the government. Mallary testified that he purchased crack cocaine from Bell during two controlled buys on March 8, 2000 and April 27, 2000. The factual and legal basis for Bell's current motion is that the government suppressed material evidence that Mallary was a drug dealer and allowed Mallary to give perjured testimony by omitting his involvement in drug dealing. Bell attached a transcript of Mallary's testimony in a different trial in which Mallary admitted to being employed by a drug dealer at a car wash and conspiring to purchase cocaine from that drug dealer between March and July 2000.

The district court did not abuse its discretion in denying Bell's latest Rule 33 motion.[1] The timing of the government's awareness of Mallary's drug dealing and the impact of such impeachment evidence on the jury's verdict were fully considered by the district court and this Court in relation to Bell's two prior

---

[1]We review a district court's denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). We review application of the law of the case doctrine de novo. United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005).

2

motions for a new trial. In particular, this Court previously concluded that the government became aware of Mallary's drug dealing only after Bell's trial, United States v. Bell, No. 02-1011 (11th Cir. filed Dec. 6, 2002), and that information about Mallary's drug dealing was merely cumulative impeachment evidence and would not have produced a different result at trial, United States v. Bell, No. 04-15703 (11th Cir. filed Aug. 12, 2005). These prior holdings became the law of the case. See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case.").[2] And, for the reasons stated in those prior opinions, Bell's proffer of Mallary's testimony about his drug dealing did not warrant a new trial. See United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (explaining that to warrant a new trial, a defendant must show, inter alia, that the new evidence was "not merely cumulative or impeaching," was "material to issues before the court" and "would probably produce a different result").

The district court also did not abuse its discretion in denying Bell's motion

---

[2]At times, the parties have characterized the bar to relitigating these issues as "res judicata." However, res judicata does not apply here because Bell seeks to modify a judgment in the same case. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 n.3 (11th Cir. 1997). We conclude that the district court's ruling that the issues raised had "already been fully considered and resolved against Bell," is more properly characterized as an application of the law-of-the-case doctrine.

3

for post-trial discovery.[3]  Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963), Bell sought an order compelling the government to disclose all information relating to Mallary's history as an informant.  Bell claimed that this information contained suppressed, material evidence of which the defense was unaware.

<u>Brady</u> applies after trial only "when it is discovered that the prosecution had material information of which the defense was unaware."  <u>United States v. Arias-Izquierdo</u>, 449 F.3d 1168, 1189 (11th Cir. 2006).  Because <u>Brady</u> is not a discovery device, discovery should not be ordered "based upon mere speculation as to whether the material would contain exculpatory evidence . . . ."  <u>Id.</u>

Here, Bell's <u>Brady</u> claim was based on mere speculation.  Furthermore, as discussed above, this Court previously has concluded that the government did not suppress evidence of Mallary's drug dealing or knowingly use perjured testimony at Bell's trial.  Thus, even if the requested documents discredited Mallary, Bell's claim that they would establish a <u>Brady</u> violation is unsupported.[4]

**AFFIRMED.**

---

[3]We review the denial of a defendant's post-trial motion for discovery for abuse of discretion.  <u>See</u> <u>United States v. Espinosa-Hernandez</u>, 918 F.2d 911, 913 (11th Cir. 1990).

[4]Bell's notices of appeal also designated the denial of his motions for reconsideration of the above-mentioned orders.  However, because Bell's appellate brief did not address these rulings, Bell has waived any argument with respect to them.  <u>See</u> <u>United States v. Levy</u>, 379 F.3d 1241, 1242-43 (11th Cir. 2004).