[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11746
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-80034-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES THOMAS WITHROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 7, 2010)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

James Thomas Withrow appeals his 144-month sentence for conspiracy to

possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Withrow raises three arguments on appeal, namely that (1) his sentence appeal waiver is invalid and unenforceable because he did not enter it knowingly; (2) the district court clearly erred in enhancing his offense level by two levels, per U.S.S.G. § 3B1.1, after finding that he assumed a managerial role in the offense; and (3) he received ineffective assistance of counsel.

## I. & II.

Withrow argues that his sentence appeal waiver should not be enforced because (1) at the time he entered it, he could not have known that his appointed counsel would provide ineffective assistance; and (2) the agreement was voidable at the request of the government.

We review the validity of a sentence appeal waiver provision of a plea agreement *de novo*. *United States v. Weaver*, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). A sentence appeal waiver must be made knowingly and voluntarily and is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). A sentence appeal waiver

includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error. *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999).

Despite Withrow's arguments to the contrary, the sentence appeal waiver in his plea agreement is valid and enforceable because the district court questioned Withrow about the sentence appeal waiver and Withrow confirmed his understanding of the waiver. Because the waiver is valid and enforceable, Withrow cannot contest the district court's application of a two-level, aggravating-role enhancement, per U.S.S.G. § 3B1.1. Accordingly, we dismiss the appeal to the extent Withrow challenges the validity of his sentence appeal waiver and the district court's application of the two-level sentence enhancement, per § 3B1.1. Because the government concedes that the sentence appeal waiver has no application to ineffective-assistance-of-counsel claims, we now consider Withrow's ineffective-assistance argument.

III.

Withrow alleges that his trial counsel rendered ineffective assistance when she (a) lost credibility after she was admonished by the district court to take greater care in the representations she made in her pleadings; (b) failed to draft a proposed mental health evaluation as instructed by the district court; (c) refused to continue participating in Withrow's debriefing with law enforcement agents; (d) failed to

3

give Withrow a copy of his presentence investigation report ("PSI") before sentencing; (e) falsely represented to the district court that she did not serve as counsel during the change of plea hearing; (f) failed to explain during sentencing why his mental deficiencies warranted a lesser sentence; and (g) failed to argue during sentencing that the conditions of his confinement warranted a lesser sentence.

"We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (quotation omitted).

First, because the trial record does not contain sufficient evidence to evaluate whether trial counsel's failure to argue that Withrow's conditions of confinement warranted a lesser sentence was deficient or resulted in prejudice, we decline to consider the allegation, and, as to this allegation, we affirm without prejudice to filing a petition for collateral review. We consider Withrow's remaining allegations of ineffective assistance because the record is sufficient to evaluate their merit. Withrow's allegations that his counsel failed to file a proposed order for a mental health evaluation, falsely represented that she did not act as counsel during the plea hearing, failed to provide a copy of the PSI before

sentencing, and failed to argue at sentencing that his mental deficiencies warranted a lesser sentence are contradicted by the record, and thus, do not arise to ineffective assistance. As to Withrow's allegations that his counsel lacked credibility with the district court and refused to continue her participation in a government debriefing, even assuming that counsel's conduct was constitutionally deficient, Withrow has made no showing that, but for these alleged deficiencies, the outcome of his proceedings would have been different. Accordingly, we conclude that Withrow's reviewable allegations do not arise to ineffective assistance, and we affirm in this regard.

## Conclusion

Based on our review of the record and the parties' briefs, Withrow's sentence is dismissed in part, affirmed without prejudice to collateral review in part and affirmed in part.

**DISMISSED** in part, **AFFIRMED** without prejudice in part, and **AFFIRMED** in part.

5