[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12086
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80034-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES THOMAS WITHROW,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 2, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

James Thomas Withrow, a federal prisoner convicted of a crack cocaine offense, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 750, which lowered the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1.  *See* U.S.S.G. App. C, amend. 750 (Nov. 2011).  On appeal, Withrow argues that the district court should have granted him a greater sentence reduction because: (1) the court, at its original sentencing hearing, granted a 7-month downward variance from the Guideline range of 151 to 188 months, thereby warranting a term comparably less than the bottom of the amended Guideline range; (2) the court's minimal post-Amendment 750 sentence reduction was contrary to the rationale of the amendment; and (3) the Fair Sentencing Act of 2010 (FSA) retroactively applied in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012).  Upon review of the record and consideration of the parties' briefs, we affirm.

## I.  BACKGROUND

In April 2008, Withrow was charged with conspiracy to distribute a mixture and substance containing at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and § 846 (Count 1); and with distributing a mixture and substance containing at least five grams of cocaine base on three separate occasions, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (Counts 2, 3, and 4).  Withrow pleaded guilty to Count 1 pursuant to a

2

plea agreement that contained an appeal waiver. *United States v. Withrow*, 360 Fed. App'x 93, 94 (11th Cir. 2010) (per curiam). When Withrow was originally sentenced, a violation of 21 U.S.C. § 841(a) that involved 50 grams or more of crack cocaine carried a mandatory 10-year minimum sentence. 21 U.S.C. § 841(b)(1)(A)(iii) (2006).

The presentence investigation report (PSI) determined that Withrow had a base offense level of 30 under U.S.S.G. § 2D1.1 because the offense involved 68.2 grams of cocaine base. Withrow received a 2-level increase under U.S.S.G. § 3B1.1(c) for his leadership role, and a 3-level reduction for his timely acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 29. After considering the record and the 18 U.S.C. § 3553(a) factors, the district court concluded that Withrow's total offense level was 29, his criminal history category was VI, and his Guideline range was 151 to 188 months.

Accordingly, on April 1, 2009, the court sentenced Withrow to 144 months of imprisonment, finding that the sentence, although below the Guideline range, was consistent with § 3553(a) and would be sufficient, but not greater than necessary, given Withrow's extensive criminal record. On appeal, this court affirmed Withrow's conviction and sentence, holding that his sentence appeal waiver was valid and enforceable. *Withrow*, 360 Fed. App'x at 94.

3

In 2010, the FSA raised the drug quantity thresholds of crack cocaine required to trigger the mandatory minimum imprisonment terms.  Pub. L. No. 111-220 § 2(a)(1), 124 Stat. 2372 (2010); U.S.S.G. App. C, amend. 750.  Specifically, the FSA increased both the quantity threshold required to trigger the 10-year mandatory minimum imprisonment term from 50 to 280 grams of crack cocaine, and the quantity threshold required to trigger the 5-year mandatory imprisonment term from 5 to 28 grams of crack cocaine.  U.S.S.G. App. C, amend. 750; *see* 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii).

The FSA instructed the Sentencing Commission to "make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law."  Pub. L. No. 111-220 § 8(2).  To comply with the FSA's instructions, Amendment 750 altered the base offense levels for crack cocaine in the Drug Quantity Table, "so that the statutory minimum penalties correspond to" a level of 26 for offenses involving 28 grams but less than 112 grams of crack cocaine, and a level of 32 for offenses involving 280 grams but less than 840 grams of crack cocaine.  U.S.S.G. App. C, amend. 750; U.S.S.G. § 2D1.1(c)(4), (7).  Amendment 750 became effective and retroactive on November 1, 2011, and may serve as the basis for a sentence reduction.  *See* U.S.S.G. § 1B1.10(c) & cmt. n.4; U.S.S.G. App. C, amends. 750 and 759.

4

In December 2011, Withrow filed a *pro se* motion under § 3582(c)(2) for a sentence reduction based on Amendment 750.  The district court appointed counsel to represent Withrow, but counsel did not file a separate § 3582(c)(2) motion.  In April 2012, the district court granted Withrow's § 3582(c)(2) motion for a sentence reduction.  The district court explained that, pursuant to Amendment 750, Withrow's total offense level decreased from 29 to 25.  Given Withrow's criminal history category of VI, the district court stated that, under normal circumstances, the amended Guideline range would be 110 to 137 months' imprisonment.  In light of the 120-month statutory mandatory minimum, however, the district court determined that Withrow's amended Guideline range was 120 to 137 months' imprisonment.  Upon considering the factors in § 3553(a), including, among others, Withrow's extensive criminal history, characteristics, and the need to protect the public from further crimes, the district court decided to grant a minimal sentence reduction.  The district court thereby reduced Withrow's sentence from 144 to 137 months' imprisonment.  Withrow, through counsel, filed a timely notice of appeal.

## II.  STANDARD OF REVIEW

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam).  Where a defendant is eligible for a sentence reduction

5

under § 3582(c)(2), we review a district court's decision to grant or deny a

sentence reduction for abuse of discretion. *Id.* at n.1.

### III. ANALYSIS

A district court may modify an imprisonment term

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission . . . after considering the
> factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are
> applicable, if such a reduction is consistent with applicable policy
> statements.

18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(2).  A defendant is eligible

for consideration under § 3582(c)(2) when an amendment lowers "the guideline

range that corresponds to the offense level and criminal history category

determined pursuant to 1B1.1(a), which is determined before consideration of any

departure provision . . . or any variance."  U.S.S.G. § 1B1.10, cmt. (n.1(A)).

In ruling on a § 3582(c)(2) motion, a district court must follow a two-step

process.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the

court must recalculate the defendant's sentence "by substituting the amended

guideline range for the originally applied guideline range, and then using that new

base level to determine what ultimate sentence it would have imposed."  *Id.*  In

other words, in determining whether a reduction in the defendant's sentence is

warranted, "the court shall determine the amended guideline range that would have

been applicable to the defendant if the [applicable retroactive amendment] had

6

been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

"In making such determination, the court shall substitute only the [retroactive amendment] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* If the court reaches the second step, it must decide, in its discretion, whether to retain the original sentence or to revise the sentence under the amended Guideline range. *See Bravo*, 203 F.3d at 781.

If the original imprisonment term imposed was outside of the Guideline range applicable at sentencing, the court shall not reduce the defendant's imprisonment term under § 3582(c)(2) and § 1B1.10 to a term that is less than the minimum of the amended Guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) & cmt. (n.3). However, if the original imprisonment term was below the term provided by the original applicable Guideline range, and that downward variance was based on the government's motion to reflect the defendant's substantial assistance, then a reduction "comparably less" than the amended Guideline range may be appropriate. U.S.S.G. § 1B1.10(b)(2)(B); *see Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) (stating that below-Guideline range modifications in § 3582(c)(2) proceedings are "forbidden," except in limited circumstances under § 1B1.10(b)(2)(B)); *United States v. Glover*, 686 F.3d 1203, 1207 (11th Cir. 2012) (explaining that a district court may lower a defendant's sentence below the

7

amended Guidelines range "only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government").

Consistent with § 3582(c)(2), the court shall consider the factors set forth in § 3553(a) in determining (1) whether a sentence reduction is warranted; and (2) the extent of such a reduction, but only within the limits described in § 1B1.10(b). U.S.S.G. § 1B.10, cmt. (n.1(B)(i)).  Among others, the § 3553(a) factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from the defendant's further crimes.  18 U.S.C. § 3553(a)(1), (2)(A)–(C).  The district court is not required to articulate the specific applicability, if any, of each § 3553(a) factor, as long as the record as a whole "demonstrates that the pertinent factors were taken into account by the district court."  *United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998) (internal quotation marks and citation omitted); *see also United States v. Eggersdorf*, 126 F.3d 1318, 1322–23 (11th Cir. 1997) (concluding that the district court provided sufficient reasons by referencing the government's brief that enumerated specific elements relevant to the § 3553(a) inquiry and supported by the record).  Additionally, the district court shall consider the nature

8

and seriousness of the danger to any person or the community that would be posed by a reduction in the defendant's sentence.  U.S.S.G. § 1B1.10, cmt. (n.(1)(B)(ii)).

Finally, in *Dorsey*, the Supreme Court held that the FSA's lower statutory mandatory minimums apply to defendants who committed a crack cocaine crime before, but were sentenced after, the FSA's enactment.  *See* 132 S. Ct. at 2326. While the Supreme Court did not decide whether the FSA applies to a defendant who, like Withrow, was sentenced before the FSA went into effect and who files a § 3582(c)(2) motion to reduce his sentence after the FSA's effective date, *see United States v. Liberse*, 688 F.3d 1198, 1202 (11th Cir. 2012), this court has resolved the issue.  In *United States v. Berry*, No. 12-11150, slip op. at 4 (11th Cir. Nov. 14, 2012), we held that "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction."  Moreover, even if a petitioner could bring an FSA claim in a § 3582(c)(2) motion, "the FSA does not apply retroactively to offenders sentenced before the effective date of the Act."  *Id.* at 4–5.

Here, the district court did not abuse its discretion when it sentenced Withrow to 137 months' imprisonment.  Withrow argues that the amended Guideline range should be 110 to 137 months' imprisonment based on the FSA's statutory changes to the mandatory minimum imprisonment terms, and that he

9

should receive a 105-month sentence to reflect the original downward variance. Withrow contends that the Supreme Court's decision in *Dorsey* changed the legal dynamic in determining the extent of a sentence reduction, and that the district court could not properly exercise its discretion because *Dorsey* was not decided when the court issued its order.  *See* 132 S. Ct. 2321.

In finding Withrow's amended guideline range to be 120 to 137 months' imprisonment, based on the 120-month statutory minimum and Amendment 750's changes to U.S.S.G. § 2D1.1(c), the district court correctly considered the § 3553(a) factors, and reasonably exercised its discretion in granting only a minimal reduction to 137 months' imprisonment.  The court considered the government's argument that Withrow should not receive a reduction because of his lifetime of serious and repetitive criminal activity, as presented in the PSI.  The court specifically cited Withrow's criminal history and characteristics as a reason for the need to protect the public from additional crimes.  *See Eggersdorf*, 126 F.3d 1318.

Further, the district court had no authority to impose a sentence below the amended Guideline range, such that it would be comparable to the original 7-month downward variance, because the court did not impose a sentence below the original applicable Guideline range based on a substantial assistance motion. U.S.S.G. § § 1B.10(b)(2)(A), (b)(2)(B), and cmt. (n.3); *see Freeman*, 131 S. Ct. at

10

2693; *Glover*, 686 F.3d at 1207.  Finally, our holding in *Berry* forecloses Withrow's argument that the FSA applies retroactively under *Dorsey*.  Withrow was sentenced in 2009, prior to the FSA's effective date in 2010; thus, his argument fails.  *Berry*, No. 12-11150, slip op. at 4–5 (11th Cir. Nov. 14, 2012) (finding that *Dorsey* does not apply to defendants who were sentenced prior to the FSA's effective date).

For all these reasons, we affirm.

**AFFIRMED.**

11