[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13652
Non-Argument Calendar

_____

D.C. Docket No. 9:08-cr-80034-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES THOMAS WITHROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2014)

Before WILSON, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

James Thomas Withrow, proceeding pro se, appeals the district court's

denial of his second request for a sentence reduction pursuant to 18

U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.  On appeal, Withrow argues that the district court erred in failing to grant a "full" sentence reduction in his prior § 3582(c)(2) proceeding.[1]  The government argues that Withrow's quest for a reduced sentence is barred by the law-of-the-case doctrine.  We agree.

## I.

In 2009, Withrow was sentenced to 144 months' imprisonment for conspiracy to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846.  In 2012, Withrow filed pro se his first motion to reduce his sentence under § 3582(c)(2) and U.S.S.G. § 1B1.10.  Pursuant to Amendments 750 and 759, the district court reduced Withrow's total offense level from 29 to 25, which resulted in a revised guidelines range of 110 to 137 months' imprisonment.  However, because Withrow's offense carried a statutory 10 year mandatory minimum sentence, the resulting guidelines range was 120 to 137 months' imprisonment.  The court considered the 18 U.S.C. § 3553(a) factors, citing particularly to Withrow's extensive criminal history and the need to protect the public from his further crimes, and decided to grant only a "minimal reduction."  The court then resentenced Withrow to a term of 137 months' imprisonment,

---

[1] Withrow also raised breach-of-contract, equal-protection, and due-process claims before the district court, but has failed to raise these arguments on appeal.  Thus, we deem these claims abandoned.  *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

representing the high end of the amended range.  On appeal, we affirmed in an unpublished opinion, rejecting Withrow's arguments that (1) his original variance should have resulted in a similar variance below the amended guidelines range; (2) the minimal reduction was contrary to the rationale of Amendment 750; and (3) the Fair Sentencing Act retroactively applied pursuant to *Dorsey v. United States*, 567 U.S. \_\_\_, 132 S. Ct. 2321 (2012).  *United States v. Withrow*, 508 F. App'x 859, 860–61, 864 (11th Cir. 2013) (per curiam).

## II.

Where a defendant is eligible for a sentence reduction under § 3582(c)(2), we review a district court's decision to grant or deny a sentence reduction for abuse of discretion.  *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008) (per curiam).  A district court's application of the law-of-the-case doctrine is reviewed de novo.  *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).

Under the law-of-the-case doctrine, "an issue decided at one stage . . . is binding at later stages of the same case."  *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).  Under this doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal."  *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).  A district court is obligated to follow our mandates.  *Id.*  The law-of-the-case doctrine does not apply

3

if (1) new evidence is presented; (2) there is an intervening change in the law that dictates a different result; or (3) the prior decision is clearly erroneous and would result in manifest injustice.  *Escobar-Urrego*, 110 F.3d at 1561.

## III.

Here, Withrow's claim fails.  The district court correctly noted that, during Withrow's appeal of his first § 3582(c)(2) proceedings, we already considered and rejected Withrow's argument that he should have been given a "full" sentence reduction.  *See Withrow*, 508 F. App'x at 864.  Because Withrow has not shown new evidence, an intervening change in the law, clear error, or manifest injustice, the law-of-the-case doctrine bars his raising this argument again in a second § 3582(c)(2) proceeding.

**AFFIRMED.**