[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15028

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00200-CR-C-W

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP KELLEY BOBO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 9, 2005)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and LIMBAUGH[*], District
Judge.

TJOFLAT, Circuit Judge:

_____

[*] Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of
Missouri, sitting by designation.

In United States v. Bobo, 344 F.3d 1076, 1084 (11th Cir. 2003) (Bobo I), a panel of this court vacated the defendant's convictions for conspiring and attempting to defraud a health care benefit program on the ground that the indictment was insufficient to charge either offense.[1] After the mandate issued, the grand jury returned a new indictment against the defendant ("Dr. Bobo"). The first two counts of the indictment charged Dr. Bobo with the same two offenses.[2] Prior to trial, he moved to dismiss those counts under the Double Jeopardy Clause of the Fifth Amendment to the Constitution. The district court denied his motion. We affirm.

**I.**

The crux of Dr. Bobo's argument before the district court was that the Bobo

---

[1] The indictment contained three counts: Count I alleged conspiracy to defraud the United States and a health care benefit program in violation of 18 U.S.C. § 371; Count II alleged attempt to defraud a health care benefit program in violation of 18 U.S.C. § 1347(1); and Count III alleged wire fraud in violation of 18 U.S.C. § 1343. The third count was dismissed prior to trial "because the indictment failed to name the person who allegedly committed the wire fraud." Bobo I, 344 F.3d at 1078 n.2.

[2] The new indictment contained the three charges contained in the first indictment—see supra note 1—and five others. Specifically, the indictment alleged as follows: Count 1 alleged conspiracy to defraud the United States and a health care benefit program in violation of 18 U.S.C. § 371; Count 2 alleged that Dr. Bobo defrauded and attempted to defraud a health care benefit program in violation of 18 U.S.C. § 1347; Count 3 alleged theft from federally funded programs in violation of 18 U.S.C. § 666; Count 4 alleged wire fraud in violation of 18 U.S.C. § 1343; Counts 5 and 6 alleged witness tampering in violation of 18 U.S.C. § 1512; Count 7 alleged that Dr. Bobo gave false statements to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001; and Count 8 alleged that Dr. Bobo gave false statements while testifying before the jury (in his own defense) in violation of 18 U.S.C. § 1623.

I panel concluded that the evidence adduced at his trial was insufficient to sustain the convictions on Counts I and II of the original indictment; thus, the Double Jeopardy Clause barred the Government from trying Counts 1 and 2 of the new indictment. Specifically, Dr. Bobo relied on a footnote at the conclusion of the panel's opinion in Bobo I that stated as follows:

> Even if we assume that the district court properly denied the motion to dismiss the indictment, we would still be compelled to vacate Dr. Bobo's convictions on other grounds. For example, we seriously question whether the evidence presented was sufficient to support the convictions and it appears there was a material variance between the indictment and the evidence presented at trial. Furthermore, we have concerns about some of the district court's rulings and actions taken during the course of the trial and believe that the cumulative effect of these errors may have denied Dr. Bobo a fundamentally fair trial.

Bobo I, 344 F.3d at 1086 n.9. The district court denied the motion "with considerable reluctance." Dr. Bobo now appeals that ruling.

## II.

Because this is an appeal from an interlocutory order and not a final judgment, we consider it prudent to establish our jurisdiction before proceeding to discuss the double jeopardy question. On its face, 28 U.S.C. § 1291 appears to require parties to wait for final judgment prior to seeking review of district court

3

error.[3] The Supreme Court has explained that denials of double jeopardy claims can be reviewed prior to final judgment in certain cases under the collateral order doctrine set forth in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). See Richardson v. United States, 468 U.S. 317, 320-22, 104 S. Ct. 3081, 3083-84, 82 L. Ed. 2d 242 (1984); Abney v. United States, 431 U.S. 651, 660-62, 97 S. Ct. 2034, 2040-41, 52 L. Ed. 2d 651 (1977); see also United States v. Gulledge, 739 F.2d 582, 584-85 (11th Cir. 1984).

The application of Cohen in Richardson and Abney reveals that double jeopardy claims will not always prove to be viable candidates for interlocutory review. In both cases, the Court weighed the costs of interrupting a criminal trial against the costs of requiring the defendant to "run the gauntlet" of a second trial, thereby substantially undermining the protections that the Double Jeopardy Clause is supposed to afford. See Richardson, 468 U.S. at 320-22, 104 S. Ct. at 3083-84;

---

[3] Section 1291 provides the basis for appellate jurisdiction from final decisions of district courts:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

28 U.S.C. § 1291.

4

<u>Abney</u>, 431 U.S. at 659-62, 97 S. Ct. at 2040-42. In addition, the Court explained in <u>Richardson</u> that only "colorable" double jeopardy claims can be reviewed prior to final judgment; in other words, frivolous claims and arguments that have already been squarely decided by precedent do not afford appellate courts jurisdiction to review interlocutory orders. See <u>Richardson</u>, 468 U.S. at 322, 104 S. Ct. at 3084.

In this appeal, Dr. Bobo asks us to consider two arguments. First, he argues that the <u>Bobo I</u> panel held that the evidence was insufficient to sustain his convictions on Counts I and II of the indictment. Second, as a fallback position, he argues that even if the panel did not reach such a holding, we may now consider the question whether the evidence was sufficient. This second argument is foreclosed by <u>Richardson</u>, which considered essentially the same argument and rejected it. See <u>Richardson</u>, 468 U.S. at 322-26, 104 S. Ct. 3084-86 (refusing to consider the sufficiency of the evidence from a prior trial in which there had been no jeopardy-terminating event). Because Dr. Bobo's fallback position presumes that no jeopardy-terminating event occurred in his first trial—the necessary effect of our rejection of Dr. Bobo's sufficiency of the evidence argument—<u>Richardson</u> precludes review.

Dr. Bobo's first claim, however, presents a colorable argument. If he is

correct that the Bobo I panel reached a sufficiency of the evidence holding in his favor, jeopardy terminated in his first trial and retrial on the same charges is barred. The argument also satisfies Cohen's requirements as reflected through the double jeopardy context, as the posture of this case is substantially similar to that in Richardson. See id. at 322, 104 S. Ct. at 3084 (holding that, in a case in which the jury had not been empaneled and no other risk of interruption or delay of proceedings was posed, Cohen's requirements are satisfied). We thus have jurisdiction to consider his first argument only.

### III.

In soft focus, we are reviewing the district court's determination of a double jeopardy claim. In sharper relief, however, Dr. Bobo is really asking us to explain the extent of Bobo I's holdings, in effect asking us to determine whether the district court properly understood the law of the case. This is a legal question that we review de novo. Cf. Alphamed, Inc. v. B. Braun Medical, Inc., 367 F.3d 1280, 1285 (11th Cir. 2004).

The Double Jeopardy Clause does not erect a per se bar against multiple trials. It has long been accepted, for example, that retrial is not barred when a defendant's conviction is vacated on appeal due to an insufficient indictment, as was the case here. See United States v. Ball, 163 U.S. 662, 672, 16 S. Ct. 1192,

6

1195, 41 L. Ed. 300 (1896) ("[I]t is quite clear that a defendant who procures a judgment against him upon an indictment to be set aside may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted."); see also, e.g., United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L. Ed. 165 (1824) (holding that a mistrial based on a hung jury did not bar retrial). Double jeopardy concerns are not implicated unless there has been some jeopardy-terminating event, such as an acquittal.

Because it has the effect of an acquittal, a holding that the evidence is insufficient to sustain a conviction is one such jeopardy-terminating event. Burks v. United States, 437 U.S. 1, 10-11, 98 S. Ct. 2141, 2147, 57 L. Ed. 2d 1 (1978). Thus, Dr. Bobo's argument hinges entirely upon whether Bobo I merely vacated his convictions on the grounds of an insufficient indictment—and all parties agree that it did at least that much—or whether it took the additional step of holding that the evidence was also insufficient, as Dr. Bobo claims the panel did in its final footnote.

Further complicating matters is this court's prudential rule—on the books at the time the decision in Bobo I issued—that requires the court to review sufficiency of the evidence claims raised by defendants, even if resolution on alternative grounds would otherwise dispose of the case. See United States v.

7

Matthews, 411 F.3d 1210, 1223 n.10 (11th Cir. 2005); United States v. Adkinson, 135 F.3d 1363, 1379 n.48 (11th Cir. 1998) ("Although not mandated by the double jeopardy clause, it is clearly the better practice for the appellate court on an initial appeal to dispose of any claim properly presented to it that the evidence at trial was legally insufficient to warrant the thus challenged conviction."); United States v. Camargo-Vergara, 57 F.3d 993, 999-1000 (11th Cir. 1995) ("Even though we reverse [the defendant's] conviction on other grounds, we review the sufficiency of the evidence supporting his convictions."); United States v. Khoury, 901 F.2d 948, 961 (11thCir. 1990) ("Although we are reversing [the defendant's] conviction because of harmful constitutional error, nonetheless we must still rule on [his] sufficiency argument."); United States v. Fitapelli, 786 F.2d 1461, 1464 (11th Cir. 1986); United States v. Mills, 760 F.2d 1116, 1118 (11th Cir. 1985); United States v. Palzer, 745 F.2d 1350, 1352 n.4 (11th Cir. 1984). We generally adhere to this rule to avoid potential double jeopardy problems precisely of the sort raised in this case.[4] Because it is such an oft-repeated rule of ours, Dr. Bobo suggests that we should read Bobo I with a presumption that the panel was aware of this rule when

---

[4] Although evaluating the sufficiency of the evidence could prove problematic in cases like this one, in which the indictment itself is defective, our prudential rule still applies and should have been followed. Cf. Fitapelli, 786 F.2d at 1463-64 n.2 (reviewing sufficiency of the evidence to support a conviction under a jurisdictional theory of the commerce clause whose charge in the indictment the court had held earlier in its opinion was legally insufficient).

it wrote its final footnote.

In fact, however, we cannot agree that the panel reached a holding on the sufficiency of the evidence issue, even though it should have.[5]  In the concluding section of its opinion, the panel stated its grounds for vacating Dr. Bobo's convictions expressly:

> [W]e cannot say, as a matter of law, that [Dr. Bobo] violated the health care fraud statute, 18 U.S.C. § 1347(1), <u>as alleged in the indictment</u>. Accordingly, we reverse the district court's denial of Dr. Bobo's <u>motion to dismiss the indictment</u> and vacate Dr. Bobo's convictions.

<u>Bobo I</u>, 344 F.3d at 1086 (emphases added).  Furthermore, the footnote upon which Dr. Bobo relies does not speak in the language of a holding.  Missing are the tell-tale "we hold" or "we reach," or even words as bold as "we believe" that are the hallmarks of court holdings.  Finally, courts generally do not make a habit of hiding away important holdings in afterthought footnotes or surrounding them with subjunctive constructions ("we would still be") and noncommittal musings ("we seriously question" and "it appears").  Thus, whatever presumption we might entertain about whether we follow our prudential rules in the average case, it is clear that the presumption is rebutted here and that the panel did not follow the prudential rule at issue in this case.

---

[5] We venture no opinion, however, as to the conclusion the panel should have reached on the merits of that question.

When a party believes that the appellate court's opinion is in error, the party has remedies available to it. If Dr. Bobo thought the panel should have addressed the sufficiency-of-the-evidence issue (but failed to do so), he could have petitioned the panel for rehearing, simply citing the prudential rule that the panel apparently overlooked and asking it to hold explicitly that the evidence was insufficient to convict. Had that failed, he could have petitioned for en banc review. We will not speculate as to whether Dr. Bobo made a strategic choice not to do so or whether the panel's error only recently came to his attention. We will simply conclude by noting that it is too late to cure the defect at this time.

## IV.

The ruling by the district court to deny Dr. Bobo's motion to dismiss Counts 1 and 2 of the indictment is

**AFFIRMED.**