[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14671
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00716-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX SANTOS,
a.k.a. Felix Santos-Almonte,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 6, 2009)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Felix Santos, a federal prisoner convicted of conspiring to possess with the

intent to distribute cocaine and attempting to possess with the intent to distribute

cocaine, in violation of 21 U.S.C. § 846, and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1), (2), appeals the district court's denial of his second pro se 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. On appeal, Santos argues that the 18 U.S.C. § 3553(a) factors supported a two-level sentence reduction in his case, and that the district court clearly erred when it found, in relation to his original § 3582(c)(2) motion, that he posed a danger to the community.[1] After thorough review, we affirm.

We review application of the law of the case doctrine de novo. United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005). We review a district court's decision not to reduce the sentence of a defendant pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

Pursuant to the law of the case doctrine, "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation." United States

---

[1] The district court initially construed Santos's second § 3582(c)(2) motion as invoking Amendment 706 to the crack cocaine guidelines, and denied this motion on the basis that his convictions did not involve crack. See U.S.S.G. App. C, Amend. 706. Upon the government's motion, it vacated this order and denied Santos's motion pursuant to Amendment 599, acknowledging that Santos had not requested relief under Amendment 706. Because Santos does not address Amendment 706 on appeal, any argument in this respect may be deemed waived. See United States v. Levy, 379 F.3d 1241, 1242-43 (11th Cir. 2004). Regardless, Amendment 706 would not apply here, as noted by the district court.

v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (quotations omitted). Accordingly, such a decision may only be challenged at a later time if (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decisions of law applicable to an issue, or (3) the prior decision was clearly erroneous and would work manifest injustice. Id. at 1561. We have recognized the law of the case doctrine in the context of § 3582(c)(2) motions. See id. at 1557.

Section 3582(c)(2) grants district courts the discretion to reduce a previously imposed sentence where the Sentencing Commission lowers the applicable guideline range and has authorized retroactive application of the amendment. 18 U.S.C. § 3582(c)(2). When determining whether to reduce a defendant's sentence, the court must recalculate the amended guideline range, and must consider the factors set forth in 18 U.S.C. § 3553(a). See U.S.S.G. § 1B1.10(b)(1); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[2] Even so, the district court is not required to specifically articulate its consideration of each of the factors. United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

---

[2] The § 3553(a) factors include, inter alia: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need for adequate deterrence to criminal conduct; (5) the protection of the public from further crimes of the defendant; and (6) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

3

Amendment 599 to the Sentencing Guidelines, effective November 1, 2000, reflected the Sentencing Commission's desire to avoid "punish[ing] substantially the same conduct twice," and provided, in pertinent part, that where a defendant is convicted of an 18 U.S.C. § 924(c) offense for using a firearm during and in relation to a crime of violence or a drug trafficking crime, the defendant cannot also receive a base offense level enhancement in the underlying offense for his use of a firearm during the commission of that offense. United States v. Brown, 332 F.3d 1341, 1342 (11th Cir. 2003); see also U.S.S.G. App. C, Amend. 599. This amendment was given retroactive effect. See U.S.S.G. § 1B1.10(c).

Because Santos filed a prior § 3582(c)(2) motion based on Amendment 599, which previously was rejected by the district court, and because we dismissed his untimely appeal of that decision, the district court's denial of his original § 3582(c)(2) motion became the law of the case. No exception applied, because the district court's finding in relation to Santos's original § 3582(c)(2) motion -- that a sentence reduction from the low end of the original 188-to-235-month guideline range, to the low end of the amended 151-to-188-month guideline range, would be insufficient to provide a just punishment -- was not clear error, in light of the fact that he intended to commit a large-scale armed robbery of 25 to 30

kilograms of cocaine and $1,000,000.  Accordingly, the district court did not abuse its discretion by denying the instant § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**