[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13953
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-60353-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WOODY SENAT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 19, 2009)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Woody Senat appeals his 96-month sentence for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Senat raises two issues on appeal: (1) whether his sentence was procedurally and substantively unreasonable because the sentence imposed was greater than necessary to serve the purposes of sentencing and the district court inadequately explained its rejection of mitigation arguments; and (2) whether the district court's consideration of acquitted conduct in calculating his guideline's imprisonment range violated his constitutional rights.  With regard to the second issue, the government contends that the law-of-the-case doctrine precludes review, since the issue was resolved in a previous appeal.

I.

Reasonableness review requires the application of an abuse-of-discretion standard.  Gall v. United States, 552 U.S. __, __, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).  We

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id. 552 U.S. at __, 128 S.Ct. at 597. The district court is not required "to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, it is sufficient for the sentencing judge to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. Gall, 552 U.S. at __, 128 S.Ct. at 597.

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense,

3

promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

The record demonstrates that Senat's sentence suffered from no procedural error as the district court correctly calculated the guideline range, considered the Guidelines advisory, took into account the § 3553(a) factors, and satisfied its obligation to explain the chosen sentence adequately. Likewise, Senat has not carried his burden of establishing that his sentence was substantively unreasonable because the district court was entitled to find that the 96-month, top-of-the-guideline-range sentence was sufficient but not greater than necessary to promote respect for the law and deterrence in light of Senat's extensive criminal history. Accordingly, we affirm as to this issue.

II.

We review application of the law-of-the-case doctrine de novo. United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005). Under the law-of-the-case doctrine, subsequent courts are bound by "findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case," unless a subsequent trial produces substantially different evidence, controlling authority has since made contrary decisions of law applicable to an issue, or the prior decision was clearly erroneous and would work manifest injustice. Culpepper v. Irwin Mortgage Corp., 491 F.3d 1260, 1271 (11th Cir. 2007). The law-of-the-case doctrine applies to issues that were previously decided "either explicitly or by necessary implication." See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). An argument is rejected by necessary implication when the previous holding is inconsistent with the argument. Id. at 1036.

Because our prior decision affirmed the propriety of considering acquitted conduct, proved by a preponderance of the evidence, the law-of-the-case doctrine precludes our review of this issue.

**Conclusion**

5

Because the sentence imposed was not unreasonable, and Senat's argument regarding consideration of acquitted conduct in sentencing is governed by the law-of-the-case doctrine, we affirm.

**AFFIRMED.**