[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15576
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 91-00300-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES W. HUBBARD,
a.k.a. C.W.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 25, 2010)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Charles W. Hubbard, a federal prisoner convicted of one count of conspiracy

to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846,

through counsel, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendments 505 and 706. The district court denied Hubbard's motion pursuant to Amendment 505 because he previously had filed a similar motion which was denied on the merits, and the district court denied Hubbard's motion pursuant to Amendment 706 because Amendment 706 did not affect his guideline range as he had been held accountable for more than 4.5 kilograms of cocaine base. On appeal, Hubbard challenges both of these determinations. After careful review, we affirm.

We review "de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009).

First, we are unpersuaded by Hubbard's claim that the district court abused its discretion in refusing to grant him a sentence reduction pursuant to Amendment 505. Under the law-of-the-case doctrine,

> a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.

United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). Nevertheless, a district court may consider its previous rulings if the case is still

2

within its jurisdiction, but where there is a final order, the law of the case applies. Vintilla v. United States, 931 F.2d 1444, 1447 (11th Cir. 1991). There are, however, exceptions to the law-of-the-case doctrine, namely, where the defendant can show either (1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice. Escobar-Urrego, 110 F.3d at 1561.

As applied here, the district court did not err in denying Hubbard's § 3582 motion to reduce his sentenced based on Amendment 505. The law-of-the-case doctrine precludes the district court from granting Hubbard's consecutive § 3582 filed pursuant to Amendment 505 because the district court's previous denial on the merits of such a motion became a final order when Hubbard did not appeal it, and thus, it is now the law of the case. See id. at 1560; Vintilla, 931 F.2d at 1447. Moreover, Hubbard has not met any of the exceptions to the law-of-the-case doctrine: (1) he presents no new evidence; (2) there has not been an intervening law changing the application of Amendment 505 since the district court ruled on his original motion; and (3) he does not show that he would suffer a manifest injustice as his life sentence would still be within his new guideline range as revised by Amendment 505. Escobar-Urrego, 110 F.3d at 1561. Accordingly, we

3

affirm the district court's denial of Hubbard's § 3582 motion requesting a sentence reduction pursuant to Amendment 505.

We likewise find no merit in Hubbard's claim that the district court was free to reject the sentencing guidelines as well as the applicable policy statements to reduce his sentence. A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. Jones, 548 F.3d at 1368. However, Amendment 706 does not apply to reduce a defendant's base offense level where more than 4.5 kilograms of cocaine base are involved. Id. at 1369.

A reduction in the term of imprisonment is not consistent with the guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Finally, neither Booker nor its progeny "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement." United

States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009).

In this case, the district court did not err in denying Hubbard's § 3582 motion because Amendment 706 did not change his guideline range as he was held accountable for more than 4.5 kilograms of cocaine base. Jones, 548 F.3d at 1369. Moreover, Hubbard's arguments that the district court nevertheless had the authority to reduce his sentence are foreclosed by precedent. Melvin, 556 F.3d at 1192.

**AFFIRMED.**