[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 20, 2010
JOHN LEY
CLERK

No. 10-12418
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00551-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 20, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

David Arias, a federal prisoner proceeding pro se, appeals the district court's denial of 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, his second based on retroactive application of Amendment 599. After careful review, we affirm.

We normally review a district court's decision not to reduce a defendant's sentence pursuant to § 3582(c)(2) for abuse of discretion. See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). We review application of the law-of-the-case doctrine, however, de novo. United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005).

Under the law-of-the-case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). Consequently, "an appellate decision on an issue must be followed in all subsequent trial court proceedings unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985). There are thus three exceptions to the law-of-the-case doctrine: (1) the evidence in a subsequent trial is substantially different; (2) there is a change in controlling law; or (3) the prior decision was clearly erroneous and would work

manifest injustice.  United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996).  We have applied the law-of-the-case doctrine to § 3582(c)(2) proceedings.  United States v. Escobar-Urrego, 110 F.3d 1556, 1560-61 (11th Cir. 1997).

Here, the district court denied his first § 3582(c)(2) motion based on Amendment 599 after consideration of the 18 U.S.C. § 3553(a) factors, and we affirmed this denial on appeal.  See United States v. Arias, 62 Fed. App'x 318 (11th Cir. 2003) (table) (unpublished).  Consequently, the district court's denial of his first § 3582(c)(2) motion based on Amendment 599, and our affirmance of the same, became the law of the case.  Because none of the exceptions apply to the law of the case, the district court did not err or abuse its discretion by denying Arias's present, second § 3582(c)(2) motion under the law-of-the-case doctrine.  Accordingly, we affirm.

**AFFIRMED.**

3