[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10211
Non-Argument Calendar
_____

D.C. Docket No. 8:91-cr-00300-EAK-12


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES W. HUBBARD,
a.k.a. C.W.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 5, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Charles Hubbard appeals the district court's denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  Mr. Hubbard is currently serving a sentence of life imprisonment for his 1993 conviction for conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846.

In 1998, Mr. Hubbard filed his first § 3582(c)(2) motion pursuant to Amendment 505 to the Sentencing Guidelines, which the district court denied.  Mr. Hubbard did not appeal that ruling.  In 2009, Mr. Hubbard requested relief pursuant to Amendment 505 for the second time, as well as under Amendment 706.  The district court denied relief.  We affirmed, holding that the law-of-the-case-doctrine precluded the district court from granting Mr. Hubbard's second request for relief under Amendment 505 because the district court's previous denial on the merits of his first § 3582(c)(2) motion filed pursuant to Amendment 505 became a final order when Mr. Hubbard did not appeal it, and, thus, was the law of the case.  *United States v. Hubbard*, 384 F. App'x 931, 932 (11th Cir. 2010) (unpublished).

In 2012, Mr. Hubbard filed a *pro se* § 3582(c)(2) motion requesting relief pursuant to Amendment 750 to the Sentencing Guidelines.  The district court appointed Mr. Hubbard counsel, who argued for the third time in a supplemental pleading that, though Mr. Hubbard was not eligible for relief pursuant to Amendment 750, the court should reduce his sentence pursuant to Amendment

2

505.  The district court denied Mr. Hubbard's motion.  Mr. Hubbard now appeals, asserting that the district court had jurisdiction to reconsider his request for Amendment 505 relief.  He does not challenge the denial of relief under Amendment 750.

We review for abuse of discretion a district court's decision not to reduce a sentence pursuant to § 3582(c)(2).  *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005).  We review application of the law-of-the-case doctrine *de novo*. *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).    After review of the record and consideration of the parties' filings and briefs, we affirm the ruling of the district court.

Under the law-of-the-case doctrine, "an issue decided at one stage of a case is binding at later stages of the same case."  *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560-61 (11th Cir. 1997) (applying the law-of-the-case doctrine to § 3582(c)(2) proceedings).  A decision of this Court binds all subsequent proceedings in the same case as to explicit rulings and issues necessarily decided by implication on the prior appeal.  *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 2003).  There are three exceptions to the law-of-the-case doctrine: (1) the evidence in a subsequent trial or processing is substantially different; (2) there is a change in controlling law; or (3) the prior decision was clearly erroneous and would work manifest injustice.  *Escobar-Urrego*, 110 F.3d at 1561.

The district court did not err by denying Mr. Hubbard's § 3582(c)(2) motion. The law-of-the-case doctrine precluded the court from granting Mr. Hubbard's third consecutive request for relief based on Amendment 505, as our affirmance of the district court's second denial of his § 3582(c)(2) motion pursuant to Amendment 505 in *Hubbard* is the law of the case.  Mr. Hubbard has not attempted to demonstrate that his case falls within any exception to the law-of-the-case doctrine.[1]  Regardless, Mr. Hubbard does not meet any of the exceptions to the law-of-the-case doctrine because: (1) he presents no new evidence; (2) there has not been an intervening law changing the application of Amendment 505 since the district court ruled on his original motion or we ruled on his second motion; and (3) he does not show that he would suffer a manifest injustice, as his life sentence would still be within his new guideline range as revised by Amendment 505.[2]

**AFFIRMED.**

---

[1] In his brief, Mr. Hubbard does not discuss the law of the case doctrine or our decision in *Hubbard*.

[2] We deny the government's motion for summary affirmance and its motion to stay briefing schedule, and conclude that no further briefing is necessary.

4