[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13313

_____

D.C. Docket No. 5:13-cv-00211-RS-EMT

ADAM SAPP,

                                                            Plaintiff - Appellant,

versus

ATTORNEY GENERAL OF THE UNITED STATES,

                                                            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 24, 2015)

Before JORDAN and JULIE CARNES, Circuit Judges, and ROBREÑO,[*] District
Judge.

PER CURIAM:

_____

[*] Honorable Eduardo C. Robreño, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Adam Sapp appeals the district court's grant of summary judgment in favor of the Attorney General of the United States on his claims of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Mr. Sapp alleges that his employer, the Federal Bureau of Prisons, subjected him to discriminatory treatment based upon his gender, and that he suffered retaliation when he voiced opposition to the treatment. After reviewing the parties' briefs and the record, and with the benefit of oral argument, we affirm in part and reverse in part. As to Mr. Sapp's gender discrimination claim, we affirm the grant of summary judgment in favor of the BOP for the reasons stated in the district court's order. With respect to Mr. Sapp's retaliation claim, however, we reverse.

The district court ruled that Mr. Sapp met the requirements to establish a *prima facie* case of retaliation, and that the BOP met its burden of putting forth a non-discriminatory reason for the adverse employment actions. Mr. Sapp argued, however, that the BOP's stated non-discriminatory reason for denying him overtime and further restricting his job duties was pretextual, and he presented evidence to support his arguments. The district court did not address these arguments on pretext, and this constituted error. *See Kragor v. Takeda Pharmaceuticals America, Inc.*, 702 F.3d 1304, 1307 (11th Cir. 2012) ("If the employer produces evidence of a legitimate, nondiscriminatory reason for the

2

adverse action, the plaintiff is afforded an opportunity to show that the employer's stated reason is a pretext for discrimination."). We therefore reverse and remand for the district court to address Mr. Sapp's pretext arguments. We leave it to the district court on remand whether to allow supplemental briefing on the issue.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**