[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11314

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARC VALME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:97-cr-06007-RNS-5

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Marc Valmé, proceeding *pro se* on appeal, appeals the district court's denial of his counseled motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the Guidelines in Amendment 782 and under § 3582(c)(1)(A) based on the extraordinary and compelling reasons of his medical conditions. In response, the government moves for summary affirmance, arguing that Valmé's request based on Amendment 782 and § 3582(c)(2) is barred by the law-of-the-case doctrine, and as to his request under § 3582(c)(1)(A), the district court did not abuse its discretion in determining that Valmé posed a continuing threat to the community based on his offense conduct.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and, if eligible, will

review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id*. We review *de novo* whether the district court properly applied the law-of-the-case doctrine. *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a court to reduce a defendant's term of imprisonment upon motion of a defendant. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, the policy statement applicable to § 3582(c)(1)(A), states that a court may reduce a term of imprisonment if extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community, and the reduction is otherwise consistent with the policy statement. U.S.S.G. § 1B1.13(a)(1). The Sentencing Commission did not immediately amend § 1B1.13 to incorporate the statutory amendments in the First Step Act,[1] but we

---

[1] Because the district court denied Valmé's motion under § 3582(c)(1)(A) based on its discretionary weighing of the § 3553(a) factors, we need not decide whether the recent amendments to § 1B1.13, effective on November 1, 2023, regarding what circumstances qualify as extraordinary and qualifying apply to pending cases on direct appeal. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,255 (May 3, 2023); *see also United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) (discussing when amendments to the Guidelines apply retroactively on direct appeal).

determined that § 1B1.13 applied to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, and thus a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1252-62 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

Factors under § 3553(a) that the district court must consider in determining whether a sentence reduction is warranted include the nature and circumstances of the offense, the defendant's history and characteristics, the need for the sentence to reflect the seriousness of the crime, promote respect for the law, provide just punishment, protect the public from the defendant's crimes, and afford adequate deterrence, the kinds of sentences available, the guideline range, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). When the district court analyzes the § 3553(a) factors, the weight it gives to any specific factor is committed to the sound discretion of the court. *Tinker*, 14 F.4th at 1241. A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a

clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted). Where consideration of the § 3553(a) factors is mandatory, district courts need not address each of the § 3553(a) factors nor all of the mitigating evidence. *Id.* Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id.* The record must indicate that the district court considered a number of the factors. *Id.*

In *Concepcion v. United States*, the Supreme Court concluded that district courts deciding motions for a reduced sentence under § 404 of the First Step Act, which allowed the district courts to impose a reduced sentence for those sentenced for crack cocaine offenses before the Fair Sentencing Act changed the enhanced statutory penalties for crack cocaine offenses, may consider intervening changes of law or fact in exercising their discretion. *See* 597 U.S. 481, 494-502 (2022). The Supreme Court noted evidence of post-sentencing rehabilitation, violence, or prison infractions and nonretroactive Guidelines amendments as factors that a district court could consider. *Id.* at 496-99. The Supreme Court also noted that Congress had imposed express statutory limitations on district courts in sentence modification proceedings under § 3582(c)(1) and (c)(2) by providing that they may only grant a sentence reduction if it is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 494-95.

Under § 3582(c)(2), where a defendant has been sentenced to an imprisonment term based on a sentencing range that was

later lowered by the Sentencing Commission, a district court may reduce the defendant's imprisonment term after considering the applicable § 3553(a) factors if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A defendant is eligible for a sentence reduction under § 3582(c)(2) only when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guideline range that was calculated by the sentencing court. U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)). Amendment 782, which reduced by two levels the base offense levels that apply to most drug offenses under §§ 2D1.1 and 2D1.11, is listed in § 1B1.10(d). U.S.S.G. App. C, Amend. 782 (2014). If a district court determines that a defendant is eligible for a sentence reduction under § 3582(c)(2) because his guideline range was lowered by a retroactive amendment, the district court must decide whether, in its discretion, to impose a reduced sentence under the amended guideline range or retain the original sentence after considering the § 3553(a) factors. *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009). The commentary to § 1B1.10 specifies that a district court shall consider the § 3553(a) factors and the danger to any person or the community and may consider post-sentencing conduct of the defendant when determining whether a sentence reduction is warranted. U.S.S.G. § 1B1.10, comment. (n.1(B)).

Under the law-of-the-case doctrine, district and appellate courts are generally bound to follow a prior appellate decision in the same case and cannot revisit issues that were decided explicitly or by necessary implication. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009). There are three exceptions to the

law-of-the-case doctrine: (1) the evidence in a subsequent trial is substantially different; (2) there is a change in controlling law; or (3) the prior decision was clearly erroneous and would work manifest injustice. *United States v. Stein*, 964 F.3d 1313, 1323 (11th Cir. 2020). We have determined that we may raise the law-of-the-case doctrine *sua sponte* and have affirmed a district court's denial of a § 3582(c)(2) motion under the law-of-the-case doctrine where we had previously affirmed the denial of a sentence reduction based on the same Guidelines amendment. *United States v. Anderson*, 772 F.3d 662, 668-70 (11th Cir. 2014).

Here, the government's position is clearly correct as a matter of law. Valmé's request under Amendment 782 and § 3582(c)(2) was barred by the law-of-the-case doctrine because we previously upheld the district court's denial of his earlier identical request based on Amendment 782 and Valmé failed to show that any of the exceptions to the doctrine applied. As to his request based on § 3582(c)(1)(A), the district court did not abuse its discretion in determining that Valmé posed a continuing threat to the community based on his offense conduct and refusal to accept responsibility for his actions. Further, the court considered the evidence Valmé submitted when it denied his motion.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**