[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11937

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KELLIS DION JACKSON,
a.k.a. Chandler Dante Alexander,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00200-WFJ-AEP-1

_____

Before  JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional question, we conclude that we lack jurisdiction over this appeal because there is not a final or otherwise appealable order.  Kellis Jackson appeals from the district court's order denying his motion to dismiss the indictment.  That order is not appealable as a final order because Jackson has not been convicted or sentenced.  *See* 28 U.S.C. § 1291; *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (holding that, in criminal cases, the rule of finality generally "prohibits appellate review until conviction and imposition of sentence"); *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (holding that we apply the final judgment rule strictly in criminal cases unless the challenged order falls within the collateral order doctrine).

While Jackson argues that the district court's order is appealable under the collateral order doctrine because it denied a motion to dismiss an indictment on double jeopardy grounds, he did not raise a colorable double jeopardy claim.  *See Abney v. United States*, 431 U.S. 651, 659 (1977) (holding that a pretrial order denying a motion to dismiss the indictment on double jeopardy grounds may be appealable under the collateral order doctrine); *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005) (holding that an order denying a motion to dismiss on double jeopardy grounds may only

be reviewed under the collateral order doctrine where the double jeopardy claim is "colorable" and non-frivolous).  Jackson's double jeopardy claim is not colorable because the current prosecution and the prior conviction to which he points concern completely different criminal offenses and distinct underlying conduct.  *See United States v. Therve*, 764 F.3d 1293, 1298 (11th Cir. 2014) (holding that the Double Jeopardy Clause protects criminal defendants from being subjected to multiple prosecutions for the same offense); *Richardson v. United States*, 468 U.S. 317, 326 n.6 (1984) (holding that a double jeopardy claim is only colorable if it has "some possible validity").

Accordingly, this appeal is DISMISSED for lack of jurisdiction.