[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16085
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80054-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSNY CHARLESTAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 5, 2013)

Before TJOFLAT, DUBINA, and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Josny Charlestain appeals his 108-month above guideline-range total sentence imposed by the district court for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm and ammunition by a person subject to a domestic violence order, in violation of 18 U.S.C. § 922(g)(8).  He argues that the district court erred by admitting evidence about an unrelated 2009 murder for which he was charged but not prosecuted, applying an aggravating role sentencing enhancement, and imposing an unreasonable sentence which was far above the Guideline range.  We address each point in turn.

## I.

We review a "district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error."  *United States v. Grant*, 397 F.3d 1330, 1332 (11th Cir. 2005).  Where a defendant raises a sentencing issue for the first time on appeal, plain error review applies.  *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  "For this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights."  *Id.* at 1320 (internal quotation marks omitted).

Federal law provides that "[n]*o limitation shall be placed* on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the

2

purpose of imposing an appropriate sentence."  18 U.S.C. § 3661 (emphasis added).  That includes hearsay, so long as it is sufficiently reliable, and evidence that may not be admissible at trial, as long as the defendant has a chance to rebut the evidence.  *United States v. Baker*, 432 F.3d 1189, 1253-54 & n.68 (11th Cir. 2005).  The Supreme Court has noted that, at sentencing, the district court has broad discretion to consider "the fullest information possible concerning the defendant's life and characteristics."  *Pepper v. United States*, 562 U.S. __, __, 131 S. Ct. 1229, 1235-36 (2011) (internal quotation marks omitted).  We have held that a court may even consider relevant acquitted conduct so long as that conduct is proven by a preponderance of the evidence.  *See United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006).

The Guidelines similarly provide that in deciding whether to sentence a defendant within or outside of the Guideline range, the court can consider any information about the defendant's background, character, and conduct, unless it is otherwise illegal to do so.  U.S.S.G. § 1B1.4.  Moreover, under Federal Rule of Criminal Procedure 32, the court may allow the parties to introduce evidence regarding objections to the presentence investigation report ("PSI") during sentencing.  Fed.R.Crim.P. 32(i)(2).

We conclude from the record that the district court did not err, plainly or otherwise, in admitting evidence about the 2009 homicide because it was relevant

3

to the district court's consideration of the 18 U.S.C. § 3553(a) factors, such as Charlestain's background and characteristics, and the need to provide adequate deterrence, prevent additional gun-related crimes, and protect the public.

## II.

We review for clear error the district court's determination that a defendant is subject to an aggravating-role enhancement under U.S.S.G. § 3B1.1(c). *United States v. Jiminez*, 224 F.3d 1243, 1250-51 (11th Cir. 2000). We review the district court's application and legal interpretations of the Guidelines *de novo*. *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010).

Section 3B1.1(c) subjects a defendant to a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" [other than one that involves five or more participants or is otherwise extensive]. U.S.S.G. § 3B1.1(c). A defendant's assertion of control over only one other participant is sufficient to sustain a § 3B1.1(c) role enhancement. *Id.* § 3B1.1, comment. (n.2); *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004). A "participant" is a person who is criminally responsible for the offense, even if not convicted. U.S.S.G. § 3B1.1, comment. (n.1). In *Mandhai*, we determined that the district court properly applied a § 3B1.1(c) enhancement where the defendant recruited one other individual into a terrorist plot, prompted that

4

individual to purchase weapons, and briefed him on the bombing plan. *Mandhai*, 375 F.3d at 1248.

We conclude from the record that the district court did not clearly err by applying the aggravating role enhancement because it was entitled to conclude that Charlestain directed his wife to buy the guns involved in the instant offenses.

### III.

We review the sentence imposed by the district court for reasonableness and evaluate the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007); *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). Application of a variance is likewise reviewed for abuse of discretion. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597-98. After *Irizarry v. United States*, 553 U.S. 708, 714-16, 128 S. Ct. 2198, 2202-04 (2008), a district court's grant of a variance does not require prior notice of the grounds contemplated for a sentence above the range. We will only vacate a sentence when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted). We review only a defendant's final sentence, and not each individual decision made

5

during the sentencing process, for reasonableness. *See United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error," *United States v. McGarity*, 669 F.3d 1218, 1263 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 133 S. Ct. 378 (2012), and a sentence may be considered procedurally reasonable where the district court considered the parties' arguments and provided a reasoned basis for its choice of sentence, *see Rita v. United States*, 551 U.S. 338, 356-58, 127 S. Ct. 2456, 2468-69 (2007). If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. We review the totality of the facts and circumstances to gauge for substantive error. *Irey*, 612 F.3d at 1189-90. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

6

avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (summarizing 18 U.S.C. § 3553(a)).  In *United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005), we noted that, "nothing in [*United States v.*] *Booker*[, 543 U.S. 220, 125 S. Ct. 738 (2005),] or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* at 1329.  An acknowledgment that the court considered the defendant's arguments and the § 3553(a) factors is adequate under *Booker*.  *Talley*, 431 F.3d at 786.

"A district court abuses its discretion when it . . . gives significant weight to an improper or irrelevant factor . . . ." *Irey*, 612 F.3d at 1189 (internal quotation marks omitted).  A sentence imposed well below the statutory maximum is an indicator of a reasonable sentence.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  When uncertainty exists as to whether the district court applied an upward variance or an upward departure, the court considers: (1) whether the court referenced a particular Guideline departure provision; and (2) whether the court based its decision on a belief that the Guidelines were not adequate.  *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).

We conclude from the record that Charlestain's total sentence was procedurally and substantively reasonable.  First, the record demonstrates that the district court imposed an upward variance rather than a departure, and as to

7

procedural reasonableness, it correctly calculated the advisory Guideline range. Charlestain has not met his burden of showing that his sentence was substantively unreasonable. The court held two sentencing hearings, heard testimony from numerous witnesses, considered the parties' arguments, and discussed the § 3553(a) factors before deciding that a sentence above the Guideline range was warranted to reflect the full extent of Charlestain's criminal history, violent characteristics, danger to the public, and the need for deterrence. In noting that it had considered the parties' positions, the Guidelines, and the statutory factors, the court satisfied *Talley*. Charlestain's sentence was also well below the statutory maximum.

For the above-stated resons, we affirm Charlestain's total sentence.

**AFFIRMED.**