[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15794
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80054-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSNY CHARLESTAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 29, 2016)

Before MARTIN, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Josny Charlestain appeals *pro se* the district court's denial of his motion to enforce the plea agreement, pursuant to which he was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm and ammunition while under a court order prohibiting domestic violence, in violation of 18 U.S.C. § 922(g)(8).  On appeal, Charlestain argues that the government breached the plea agreement by introducing evidence at his sentencing hearing regarding his alleged involvement in a 2009 murder, which Charlestain asserts was not "factual."

## I.

The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case. *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).  Under the law of the case doctrine, both the district court and this court are bound by our findings of fact and conclusions of law in a prior appeal of the same case unless: "(1) a subsequent trial produces substantially different evidence"; (2) a contrary decision of law applicable to that issue has since been made by a controlling authority; or (3) the prior decision was clearly erroneous and allowing it to stand would produce a manifest injustice.  *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

Whether the law of the case doctrine applies is a question of law we review *de novo*.  *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).

## II.

Federal law provides that "[*n*]*o limitation shall be placed* on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661 (emphasis added).  That includes hearsay, so long as it is sufficiently reliable, and evidence that may not be admissible at trial, as long as the defendant has a chance to rebut the evidence.  *United States v. Baker*, 432 F.3d 1189, 1253-54 & n.68 (11th Cir. 2005) (abrogated in part by *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266 (2006), which held that the Confrontation Clause does not apply to non-testimonial hearsay).  The Supreme Court has also noted that, at sentencing, the district court has broad discretion to consider "the fullest information possible concerning the defendant's life and characteristics."  *Pepper v. United States*, 562 U.S. 476, 480, 131 S. Ct. 1229, 1235 (2011).  We have held that a sentencing court may even consider relevant acquitted conduct so long as it is proven by a preponderance of the evidence.  *See United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006).

The Guidelines similarly provide that in deciding whether to sentence a defendant within the guideline range, the court can consider any information about

the defendant's background, character, and conduct, unless it is otherwise illegal to do so. U.S.S.G. § 1B1.4. Moreover, under Rule 32, Federal Rules of Criminal Procedure, the court may allow the parties to introduce evidence regarding objections to the PSI during sentencing. Fed. R. Crim. P. 32(i)(2).

Charlestain's motion to enforce the plea agreement advances substantially the same arguments as his direct appeal, in which we already held that Charlestain's argument lacked merit and that the government was permitted to present evidence of Charlestain's past involvement with a homicide. Specifically, we held that the government was permitted to present evidence of Charlestain's involvement with the 2009 homicide because it was relevant information to the 18 U.S.C. § 3553(a) factors, including Charlestain's background and characteristics, the need for deterrence, and the need to protect the public. *See United States v. Charlestain*, 530 F. App'x 870, 872 (11th Cir. 2013) (unpublished). As this issue has already been specifically litigated before us, Charlestain's motion to enforce is barred from consideration by the law of the case doctrine. *See Jordan*, 429 F.3d at 1035.

Charlestain's motion also is not saved by any of the exceptions to the law of the case doctrine. Neither of the first two exceptions would apply, as Charlestain has not alleged either: (1) the introduction of any substantially different evidence or (2) the applicability of any new contrary precedent decided by a controlling

authority. *Stinson*, 97 F.3d at 469. Furthermore, our holding in Charlestain's direct appeal was not clearly erroneous. *Id.* Charlestain's plea agreement makes clear that the government "reserve[d] the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant conduct information concerning the defendant and his background." The evidence regarding Charlestain's involvement in the 2009 shooting was clearly "pertinent" and concerned Charlestain's background. Additionally, the information about the shooting was relevant to the § 3553(a) considerations of Charlestain's background and characteristics, and the need to provide adequate deterrence to prevent additional gun-related crimes and protect the public. 18 U.S.C. § 3661. For the aforementioned reasons, we affirm the district court's order denying Charlestain's motion to enforce the plea agreement.

**AFFIRMED.**

5